_____

**No. 26-10993-F**

_____

**DAVID MORRIS CLAYMAN,**

*Plaintiff-Appellant,*

versus

**SECRETARY, U.S. DEPARTMENT OF THE TREASURY,**
**UNITED STATES OF AMERICA,**
**UNITED STATES CONGRESS,**
**CHAIR, U.S. FEDERAL RESERVE,**
**COMPTROLLER GENERAL, et al.,**

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Southern District of Florida
No. 9:25-cv-80890-WM (Hon. William Matthewman)

_____

**APPELLANT'S MOTION TO REINSTATE THE APPEAL**
**AND MOTION TO EXPEDITE**

Plaintiff-Appellant David Morris Clayman, proceeding *pro se*, respectfully moves this Court to reinstate the above-captioned appeal — and, to the extent necessary to do so, to recall its mandate of April 15, 2026 — and to expedite the briefing schedule. In support, Appellant states as follows:

**<u>Introduction</u>**

This appeal was dismissed on April 15, 2026, under 11th Cir. R. 42-1(b) solely because the appellate filing and docketing fee was not paid to the district court within the time fixed by the rules. The appeal was not dismissed on the merits, and no court has addressed the substance of Appellant's claims at the appellate level. The reason the fee was not timely paid is straightforward and fully documented: Appellant was taken into a hospital emergency room on the night of April 1, 2026, was formally admitted the following day, and remained hospitalized

without access to any personal electronic devices, his mail, or his financial accounts until his discharge on May 5, 2026. The fourteen-day payment window set by this Court's March 27, 2026 docketing notice expired during that hospitalization, while Appellant had no ability to act. A letter from Appellant's treating physician at Weill Cornell Medical College / NewYork-Presbyterian Hospital confirming the admission and discharge dates and the absence of device access is attached as Exhibit A.

Appellant has now cured the sole deficiency that caused the dismissal: the full $605 appellate fee has been paid to the Clerk of the United States District Court for the Southern District of Florida, as evidenced by the receipt attached as Exhibit B. Because the default has been remedied and the failure to pay was the product of excusable neglect, Appellant respectfully requests that the appeal be reinstated and placed on an expedited schedule so that the underlying claims may at last be heard.

**<u>Factual Background</u>**

1.  On March 25, 2026, Appellant timely filed a Notice of Appeal in the district court (DE 83), appealing the final order disposing of this action and related rulings.

2.  On March 27, 2026, this Court issued a Civil Docketing Notice (Doc. 1-1) assigning Appeal No. 26-10993-F and directing that, within fourteen days, Appellant either pay the filing fee to the district court or file a motion to proceed in forma pauperis.

3.  On the night of April 1, 2026, before the fourteen-day window expired, Appellant was taken into a hospital emergency room on an emergency basis and was formally admitted the following day, April 2, 2026. From the time he was taken into the emergency room, he was without access to any personal electronic devices, his postal mail, or his banking facilities throughout his confinement.

4.  Appellant remained hospitalized for thirty-four days and was not discharged until May 5, 2026. A letter from Appellant's treating physician at Weill Cornell Medical College / NewYork-Presbyterian Hospital, confirming the admission and discharge dates and the absence of access to personal electronic devices during admission, is attached as Exhibit A.

5.  The fourteen-day payment period fixed by the March 27 notice expired on or about April 10, 2026 — squarely within the period of Appellant's hospitalization. Appellant had no knowledge that the period had run and no capacity to act upon it.

6.  On April 15, 2026, while Appellant remained hospitalized, the Clerk dismissed the appeal under 11th Cir. R. 42-1(b) for want of prosecution and issued the dismissal as the mandate of this Court (Doc. 4; DE 87).

7.  Appellant was discharged on May 5, 2026. He thereafter required a period to recover and to locate and reconstruct the case materials and correspondence that had accumulated during his absence. Upon regaining the capacity to act, Appellant moved promptly to cure the default and to seek reinstatement.

8.  Appellant has now paid the full $605 appellate filing and docketing fee to the Clerk of the district court. Proof of payment is attached as Exhibit B.

**Argument**

**I.  The Appeal Should Be Reinstated Because the Sole Deficiency Has Been Cured.**

This Court will not reinstate an appeal dismissed under Rule 42-1(b) unless the deficiency that caused the dismissal has been remedied. That condition is now satisfied. The only deficiency identified in the Clerk's order was the failure to pay the filing and docketing fees, or alternatively to file an in forma pauperis motion, within the time fixed by the rules. Appellant has paid the full fee to the district court. The defect no longer exists.

To the extent the Court's dismissal order issued as the mandate, the Court possesses inherent authority to recall its mandate to prevent injustice, and may do so as a necessary incident of reinstatement. Where a mandate issues only because a curable, non-merits deficiency went unaddressed during a litigant's documented medical incapacity, reinstatement is the appropriate course to restore the appeal to the posture it occupied before dismissal. Reinstatement here works no unfairness: no party has briefed the merits, no argument has been heard, and the appeal can resume exactly where it stood.

**II.  The Failure to Pay Timely Was the Result of Excusable Neglect.**

The standard for excusable neglect is the familiar equitable balance articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993): the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the movant's reasonable control, and whether the movant acted in good faith. Every factor favors reinstatement.

Reason for the delay. The delay was caused by a sudden, involuntary, thirty-four-day hospitalization that deprived Appellant of any means of paying the fee or communicating with the Court. This was wholly outside Appellant's control. A medical emergency that physically prevents a litigant from acting is among the most compelling justifications recognized for excusable neglect.

Length of delay and impact on proceedings. The appeal was at its earliest stage when dismissed; no briefing schedule had run, no argument was set, and the record had not yet been assembled for decision. Reinstatement will not disrupt any calendared proceeding. The incremental delay attributable to Appellant's incapacity is modest and was promptly addressed upon his recovery.

Prejudice to the opposing party. Appellees suffer no cognizable prejudice. The appeal was filed timely; only the fee lapsed. Reinstating the appeal merely returns the parties to the position they occupied before the lapse and requires Appellees to do nothing they were not already obligated to do.

Good faith. Appellant has at all times prosecuted this matter diligently and in good faith. He filed his Notice of Appeal on time, was prevented from paying the fee only by hospitalization, cured the default upon regaining capacity, and now seeks reinstatement at the first practical opportunity. There is no indication of bad faith, gamesmanship, or strategic delay.

## III. The Appeal Should Be Expedited in Light of a Fixed and Imminent National Date.

Appellant respectfully requests an expedited briefing and decision schedule. This is not a request that any party hurry for its own sake; it is a request grounded in a fixed external date that gives prompt resolution genuine and time-limited value.

This appeal challenges, on Religious Freedom Restoration Act grounds, the national motto as inscribed on United States currency and official documents, and seeks relief directed at the design and inscription of that currency. The year 2026 marks the 250th anniversary — the Quartermillennial — of the founding of the United States of America and of the Sovereign Tribes and Territories that share this Republic's history, with the central anniversary date of July 4, 2026 now imminent. A decision that addresses the design and inscription of the Nation's currency carries materially greater practical and expressive value if rendered in connection with that anniversary than if rendered after it has passed. The Quartermillennial presents a singular and non-recurring occasion to align the Nation's currency with the inclusive, pluralistic values of both its Framers and those who would responsibly reframe its civic symbols for the next quarter-millennium — including, potentially, an open public process for currency design or naming consistent with those values. Once the anniversary passes, that occasion cannot be recovered.

The equities that justify excusing the brief, hospitalization-caused lapse are the same equities that counsel against losing further time now. Appellant has returned, has cured the only defect, and asks only that the Court not allow the time lost to his medical emergency to consume the narrow window in which this appeal can still be decided in connection with the anniversary to which its subject matter is tied. Appellees would suffer no prejudice from an expedited schedule that they would not face under the ordinary one; only the calendar would differ.

Appellant therefore respectfully requests that the Court set an expedited briefing schedule, direct that the record be assembled without delay, and set this matter for argument or hearing on the earliest date its calendar will accommodate, so that the appeal may be heard and decided at the soonest practical point — and, if its processes permit, in advance of July 4, 2026. Appellant does not ask that any party's substantive rights be abridged in the name of speed, nor that briefing be compressed beyond what is fair to both sides; he asks only that the matter be advanced on the calendar to the fullest extent the Court's ordinary processes allow.

**<u>Conclusion</u>**

For the foregoing reasons, Appellant respectfully requests that this Court (1) reinstate Appeal No. 26-10993-F and, to the extent necessary, recall its mandate of April 15, 2026; (2) direct entry of an expedited briefing schedule; and (3) grant such other relief as is just.

Respectfully submitted,

**/s/ David Morris Clayman**
**David Morris Clayman**
Plaintiff-Appellant, Pro Se
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252-9626
david@clayman.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I caused a true and correct copy of the foregoing to be served upon counsel for Defendants-Appellees by electronic mail at the following addresses:

**George Espy Doty, III, Esq.**
Counsel for Defendants-Appellees
United States Attorney's Office, Southern District of Florida
99 NE 4th Street
Miami, Florida 33132
George.Doty@usdoj.gov

**Kelsi Romero, Esq.**
Assistant United States Attorney
United States Attorney's Office, Southern District of Florida
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Kelsi.Romero@usdoj.gov

**/s/ David Morris Clayman**
David Morris Clayman

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,**

**TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

**1. Type-Volume Limit.**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,661 words.

**2. Typeface and Type-Style Requirements.**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: May 20, 2026

**/s/ David Morris Clayman**
David Morris Clayman
Plaintiff-Appellant, Pro Se

———————————

**No. 26-10993-F**

———————————

**DAVID MORRIS CLAYMAN,**

*Plaintiff-Appellant,*

versus

**SECRETARY, U.S. DEPARTMENT OF THE TREASURY,**
**UNITED STATES OF AMERICA,**
**UNITED STATES CONGRESS,**
**CHAIR, U.S. FEDERAL RESERVE,**
**COMPTROLLER GENERAL, et al.,**

*Defendants-Appellees.*

———————————

On Appeal from the United States District Court
for the Southern District of Florida
No. 9:25-cv-80890-WM (Hon. William Matthewman)

———————————

**DECLARATION OF DAVID MORRIS CLAYMAN IN SUPPORT OF**
**MOTION TO RECALL THE MANDATE AND TO REINSTATE THE APPEAL**

I, David Morris Clayman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff-Appellant in this action and I make this declaration on personal knowledge.

2. On March 25, 2026, I timely filed my Notice of Appeal in the district court.

3. I received this Court's Civil Docketing Notice dated March 27, 2026, which directed that within fourteen days I pay the filing fee to the district court or file a motion to proceed in forma pauperis.

4. On the night of April 1, 2026 — the first night of Passover — I was taken into a hospital emergency room on an emergency basis, and I was formally admitted the following day, April 2,

2026. I did not anticipate this hospitalization and had no opportunity to make arrangements for my pending legal matters before being taken in.

5.  From the time I was taken into the emergency room on the night of April 1, 2026, and throughout my hospitalization, I did not have access to any personal electronic devices, my postal mail, or my banking facilities. I was unable to pay the filing fee, to file any motion, or to communicate with the Court or with opposing counsel.

6.  I remained hospitalized for thirty-four days. I was discharged on May 5, 2026. A true and correct copy of a letter from my treating physician at Weill Cornell Medical College / NewYork-Presbyterian Hospital, confirming my admission and discharge dates and that I did not have access to personal electronic devices during my admission, is attached as Exhibit A.

7.  I did not learn that my appeal had been dismissed until after my discharge, when I regained access to my mail and devices.

8.  After my discharge I required time to recover and to locate and reorganize the legal correspondence and case materials that had accumulated during the thirty-five days I was unreachable. I have acted as promptly as my recovery permitted.

9.  I have now paid the full $605 appellate filing and docketing fee to the Clerk of the district court. Proof of payment is attached as Exhibit B.

10. At no time did I intend to abandon this appeal. The only reason the fee was not paid within the time fixed by the rules is that I was hospitalized and physically unable to act during the entire payment period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2026, at Boca Raton, Florida.

**/s/ David Morris Clayman**
**David Morris Clayman**
Plaintiff-Appellant, Pro Se

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**
Appeal No. 26-10993-F
David Clayman v. Secretary, U.S. Department of the Treasury, et al.

# EXHIBIT A

## Letter from Treating Physician

Letter from Jacqueline Panzone, DO,
Weill Cornell Medical College / NewYork-Presbyterian Hospital,
confirming Appellant's hospitalization from April 2, 2026 through May 5, 2026
and the absence of access to personal electronic devices during admission.
(Appellant was taken into the emergency room on the night of April 1, 2026.)



**Weill Cornell Medical College**

New York Presbyterian Hospital
21 Bloomingdale Road
White Plains, NY 10605

To Whom It May Concern:

David Clayman was hospitalized from 4/2/26-5/5/26. During his admission he did not have access to any personal electronic devices. Please call me with any questions or concerns at 914-997-5807.

Thank you,

Jacqueline Panzone, DO

# EXHIBIT B

## Proof of Payment of Appellate Filing and Docketing Fee

Receipt evidencing payment of the $605.00 appellate filing and docketing fee
(28 U.S.C. § 1917 filing fee and docketing fee)
to the Clerk of the United States District Court
for the Southern District of Florida.



# U.S. District Court

## Florida Southern - West Palm Beach

Receipt Date: May 21, 2026 8:35AM

David Clayman

Rcpt. No: 10317          Trans. Date: May 21, 2026 8:35AM          Cashier ID: #KR (6879)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 203B | Notice of Appeal/Docketing-PLRA- Fee-Non-Installment | | 1 | 605.00 | 605.00 |

| CD | Tender | | | Amt |
|----|--------|--|--|-----|
| CH | Check | #1354 | 05/21/2026 | $605.00 |

| | |
|--|--|
| Total Due Prior to Payment: | $605.00 |
| Total Tendered: | $605.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

David Morris Clayman
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252-9626
david@clayman.org

May 20, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
Elbert Parr Tuttle Court of Appeals Building
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:** David Clayman v. Secretary, U.S. Department of the Treasury, et al.
Appeal No. 26-10993-F
District Court No. 9:25-cv-80890-WM

Dear Mr. Smith:

I am the Plaintiff-Appellant, proceeding *pro se*, in the above-referenced appeal, which was dismissed on April 15, 2026, under 11th Cir. R. 42-1(b) for non-payment of the filing and docketing fee. I write to transmit for filing the enclosed documents seeking reinstatement of the appeal.

The fee was not timely paid because I was taken into a hospital emergency room on the night of April 1, 2026, was formally admitted the following day, and remained hospitalized without access to any personal electronic devices, my mail, or my financial accounts until my discharge on May 5, 2026. The fourteen-day payment period fixed by the Court's March 27, 2026 docketing notice expired while I was hospitalized and unable to act. I have now paid the full $605 filing and docketing fee to the Clerk of the United States District Court for the Southern District of Florida.

Enclosed for filing are the following:

(1) Appellant's Motion to Reinstate the Appeal and Motion to Expedite;
(2) Declaration of David Morris Clayman in support of the Motion, with Exhibit A (letter from treating physician confirming hospitalization dates and absence of device access) and Exhibit B (proof of payment of the filing and docketing fee); and
(3) Certificate of Interested Persons and Corporate Disclosure Statement.

Separately, Appellant has filed in the district court the Transcript Information Form required by FRAP 10(b) and 11th Cir. R. 10-1, certifying that no transcript is required for purposes of this appeal. The orders appealed from were entered on the written filings; the only proceeding held was an early case-management conference that did not address the merits, and its transcript is not necessary to the issues presented on appeal.

If the Clerk's Office prefers that any of this relief be presented in a different form or as separate filings, I respectfully ask to be advised, and I will promptly conform my submission to the Court's requirements. A copy of each enclosed document has been served on counsel for Appellees, as reflected in the certificates of service.

Thank you for your attention to this matter.

Respectfully,

**David Morris Clayman**
Plaintiff-Appellant, Pro Se