**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

**No. 26-10993-CC**

**DAVID MORRIS CLAYMAN,**

Plaintiff–Appellant,

*v.*

**SECRETARY, U.S. DEPARTMENT OF THE TREASURY, et al.,**

Defendants–Appellees.

On Appeal from the United States District Court for the Southern District of Florida, Case No. 9:25-cv-80890-WM

**APPELLANT'S MOTION TO SET ASIDE DISMISSAL, REMEDY THE DEFAULT, AND REINSTATE THE APPEAL**

**(11th Cir. R. 42-2(e), 42-3(e))**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant certifies that the following persons and entities have or may have an interest in the outcome of this appeal:

Bessent, Scott Kenneth Homer, in his official capacity as Secretary of the Treasury

Blanche, Todd, Acting Attorney General of the United States

Brown, Orice Williams, in her official capacity as Acting Comptroller General

Clayman, David Morris, Plaintiff–Appellant

Congress of the United States, Defendant–Appellee

Curran, Kevin, in his official capacity as Treasurer of the United States

Doty, George Espy, III, Assistant United States Attorney (counsel for Appellees)

Matthewman, William, Chief U.S. Magistrate Judge (S.D. Fla.)

Mullin, Markwayne, in his official capacity as Secretary of Homeland Security

Petri, Steven, Assistant United States Attorney (appeared for Defendants in the district court)

Reding Quiñones, Jason A., United States Attorney

Romero, Kelsi R., Assistant United States Attorney (former counsel for Defendants in the district court)

Thompson, Darcie Ahern-Sweet, Assistant United States Attorney (former counsel for Defendants in the district court)

Trump, Donald J., in his official capacity as President of the United States

United States of America, Defendant–Appellee

Warsh, Kevin, in his official capacity as Chair of the Federal Reserve

No publicly traded company or corporation has an interest in the outcome of this appeal.

## INTRODUCTION

Appellant David Morris Clayman, proceeding pro se, respectfully moves under Eleventh Circuit Rules 42-2(e) and 42-3(e) to set aside the Clerk's July 21, 2026 Order of Dismissal, to remedy the default, and to reinstate this appeal. The default at issue is narrow and fully cured: Appellant's appendix — due Monday, July 13, 2026 — completed electronic transmission at 12:15 a.m. on Tuesday, July 14, 2026, fifteen minutes after the deadline. Appellant began the submission with what should have been ample time, and the delay resulted from two successive electronic-filing obstacles encountered mid-submission, including the ECF system's erroneous rejection of compliant PDF volumes as containing "executable code" that they did not contain. Appellant's timely filed opening brief is already on file; the complete, compliant appendix is attached to this motion as the Clerk's July 21 letter directs; Appellant notified opposing counsel of the circumstances by email within fourteen minutes of completing the filing; and this motion is filed within fourteen days of the Order of Dismissal. Appellant respectfully asks the Court to set aside the dismissal, accept the attached appendix, and allow this fully briefed appeal to proceed to decision on the merits.

## BACKGROUND

1. The district court entered final judgment dismissing Appellant's operative complaint with prejudice on February 10, 2026, and Appellant noticed this appeal on March 25, 2026.

2. On April 15, 2026, the appeal was dismissed for nonpayment of the filing and docketing fees. Appellant paid the fees in full on May 21, 2026, moved to reinstate the same day, and on July 2, 2026 this Court granted reinstatement. The Clerk's July 2, 2026 briefing notice set Appellant's opening brief due on or before August 11, 2026, with the appendix due no later than 7 days from the filing of the brief.

3. Appellant completed his opening brief early and filed it on July 6, 2026 — more than a month ahead of the deadline. The appendix accordingly came due on Monday, July 13, 2026. Appellant had assembled the appendix materials in advance of that date, organized chronologically into volumes with indexing tabs corresponding to district court docket numbers. This appeal is also the first proceeding in which Appellant has ever been permitted to file electronically: in the district court, Appellant moved for CM/ECF access and was denied, and was required to file every document conventionally in paper. Doc. 20 (paperless order denying electronic filing privileges pursuant to CM/ECF Administrative Procedure 2C). Before July 13, Appellant's only electronic filings

in any court had been a small number of single-document submissions in this Court; the appendix was the first multi-volume electronic submission he had ever attempted.

4.  As detailed in the accompanying Declaration of David Morris Clayman ("Decl."), Appellant was traveling out of state on July 13 and, because of an alarm set without accounting for the change from Eastern to Central time, began the electronic submission at approximately 11:00 p.m. Eastern time rather than 10:00 p.m. as planned — still expecting, reasonably, that uploading finished files would take no more than about twenty minutes. Decl. ¶¶ 4–6. Appellant candidly acknowledges the alarm error was his own; it reduced his margin but did not cause the default. What consumed the remaining hour was the ECF system itself.

5.  First, beginning at approximately 11:15 p.m., ECF rejected two of the five appendix volumes because each exceeded 50 megabytes. Appellant had structured his volumes to comply with the 250-page volume limit and had not previously encountered the file-size ceiling. Upon rejection, Appellant immediately did precisely what 11th Cir. R. 25-3(e) prescribes for documents exceeding 50 MB — he divided each oversized volume into separate parts — and regenerated the corresponding cover sheets, continuation tab sheets, and Index to Appendix to reflect the two split volumes. That work is contemporaneously documented and was completed by approximately 11:50 p.m. Decl. ¶¶ 7–9.

6.  Second, when Appellant attempted to submit the restructured volumes at approximately 11:50 p.m. — ten minutes before the deadline — ECF rejected the uploads with an error stating that documents containing executable code cannot be filed. The volumes contained no executable code. As set forth in the Declaration and its exhibits, subsequent technical analysis determined that the rejections were false positives produced by the filter's byte-level scanning: embedded font subset names beginning with the characters "/AA" (a marker the filter associates with PDF action scripts), coincidental byte sequences within compressed image streams, and proprietary annotation metadata keys added by consumer PDF software — none of which is executable content. Decl. ¶¶ 10–12.

7.  Working in parallel sessions with AI assistance, Appellant sanitized each volume of the byte patterns triggering the filter, verified that no actual script, action, form, or embedded-file content existed in any volume, confirmed the files would pass the ECF check, and completed transmission of all volumes at 12:15 a.m. on July 14, 2026. Decl. ¶¶ 13–15.

8.  At 12:29 a.m. — fourteen minutes after completing the filing — Appellant sent counsel for Appellees an email disclosing exactly what had happened and why the appendix arrived minutes after midnight. A copy is attached to the Declaration. Decl. ¶ 16 & Ex. B.

9.  Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), the appeal was treated as dismissed on July 14, 2026, and the Clerk entered the Order of Dismissal on July 21, 2026, noting that any motion to set aside the dismissal must be received within fourteen days and that "the appendix must be attached as an exhibit to the Motion to reinstate appeal." This motion,

filed August 4, 2026, is timely, and the complete appendix is attached as Exhibits E through J.

**ARGUMENT**

**I. The motion is timely and remedies the default in full.**

This motion is filed and received within fourteen days of the July 21, 2026 Order of Dismissal, as 11th Cir. R. 42-2(e) and 42-3(e) require. Per the Clerk's directive, the complete appendix — with the two volumes exceeding 50 MB filed in two parts each pursuant to 11th Cir. R. 25-3(e) — is attached as exhibits to this motion. Every volume has been verified to contain no executable content and no byte sequences that trigger the ECF filter, and each attachment is under 50 MB. The default is therefore fully remedied contemporaneously with this motion.

**II. The fifteen-minute delay was the product of good-faith diligence colliding with electronic-filing obstacles — including the system's erroneous rejection of compliant documents — and constitutes excusable neglect under any standard.**

Whether the Court evaluates this motion under an excusable-neglect framework or asks more broadly whether the circumstances warrant setting aside the dismissal, the equitable factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) — the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's control, and the movant's good faith — all favor reinstatement. This Court applies the *Pioneer* factors to "excusable neglect" determinations under the appellate rules, *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), and it has repeatedly found excusable neglect — and reversed the refusal to find it — where an innocent, non-strategic lapse caused a brief delay that prejudiced no one. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (miscommunication causing missed deadline; abuse of discretion not to excuse); *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1202 (11th Cir. 1999) (failure to record a deadline; all four factors favored the movant). This Court distinguishes an attorney's misinterpretation of the law, which generally is not excusable, from mistakes of fact and clerical or mechanical errors, which may be. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355–56 (11th Cir. 2009). This case sits squarely on the excusable side of that line: Appellant did not misread any rule or miscalculate any deadline — the July 13 deadline was never in doubt, and his materials were ready — but the mechanics of electronic submission were obstructed twice, the second time by the system's erroneous rejection of documents that contained no executable code.

*Prejudice*: none. The appendix reproduces record materials already in the district court's electronic record and already cited, by docket number and page, in the opening brief that was timely filed on July 6. Appellees' response brief was not yet due; the fifteen-minute delay affected no other deadline and no party's preparation. Appellees learned of the circumstances from Appellant himself within fourteen minutes of the filing.

*Length of delay*: fifteen minutes, on a filing whose contents were already of record. The substantive schedule of the appeal is unaffected.

*Reason for the delay*: Appellant had the appendix assembled days in advance and began submission expecting a twenty-minute task with an hour in hand. Two successive ECF obstacles intervened. The first — the 50 MB ceiling — Appellant cured within roughly half an hour by restructuring the volumes exactly as 11th Cir. R. 25-3(e) directs. The second was not of Appellant's making at all: with ten minutes remaining, the system rejected volumes that contained no executable code, based on byte-pattern false positives in font names, compressed streams, and consumer-software annotation metadata. A filer confronted at 11:50 p.m. with an erroneous machine rejection of compliant documents is not neglecting his appeal; he is being obstructed by the filing infrastructure while actively attempting to comply. Appellant diagnosed and cured even that obstacle within twenty-five minutes. His unfamiliarity with the practical behavior of the ECF system was, moreover, not casual inexperience: it was the product of court-imposed paper filing. Because the district court barred him from ECF, Appellant never had occasion — in this litigation or any prior one — to learn how the system enforces file-size limits in practice or how its content filter behaves. These are the electronic-filing peculiarities that practiced ECF filers learn to anticipate and plan around; a pro se litigant making his first large electronic submission encountered them all at once, at night, against a midnight deadline. Appellant does not minimize his own contribution — the time-zone alarm error that cost him his first hour was his mistake, and he owns it — but that error alone would have caused no default: a compliant one-hour submission window failed only because the system twice rejected the filing, once erroneously.

*Good faith*: Appellant's conduct that night — immediate restructuring per rule, immediate technical remediation, transmission completed fifteen minutes past midnight, and an unprompted explanatory email to opposing counsel at 12:29 a.m. — is the opposite of dilatory. So is his broader conduct in this appeal since reinstatement: he filed his opening brief more than a month early.

### III. The appeal is fully briefed and presents substantial questions; dismissal would be a disproportionate response to a fifteen-minute electronic delay.

Appellant's opening brief — timely filed and on file — presents substantial questions under the Religious Freedom Restoration Act and the First Amendment, including questions on which the district court's rulings diverge from *Holt v. Hobbs*, 574 U.S. 352 (2015). This Court's strong preference is to resolve appeals on their merits, and dismissal for want of prosecution is a sanction reserved for genuine abandonment or contumacy, not for a litigant who completed his filing fifteen minutes late while documenting his diligence in real time. *Cf. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (dismissal with prejudice is "an extreme sanction" proper only upon a clear pattern of delay or willful contempt and a finding that lesser sanctions would not suffice). Treating this appeal as abandoned would convert a quarter-hour of electronic friction — half of it attributable to the system's own false-positive filter — into the permanent forfeiture of fully briefed federal claims.

### IV. Alternatively, the Court should deem the July 14, 2026 12:15 a.m. submission timely filed.

In the alternative, Appellant respectfully requests that the Court, in its discretion, accept the appendix transmitted at 12:15 a.m. on July 14, 2026 as timely filed nunc pro tunc, given that the

transmission was initiated well before the deadline and completed as promptly as the system's rejections permitted.

## CONCLUSION AND RELIEF REQUESTED

Appellant respectfully requests that the Court: (1) set aside the July 21, 2026 Order of Dismissal; (2) reinstate this appeal; (3) accept the appendix attached as Exhibits E through J as filed; and (4) confirm that Appellees' response brief deadline runs from the date the order granting this motion is entered on the docket, consistent with 11th Cir. R. 42-2(e) and 42-3(e).

## STATEMENT REGARDING APPELLEES' POSITION

On the evening of August 3, 2026, Appellant emailed counsel for Appellees a copy of this motion and requested Appellees' position. As of the filing of this motion on the morning of August 4, 2026, counsel had not yet communicated Appellees' position. Appellant will promptly notify the Court of Appellees' position if and when counsel communicates it.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains fewer than 5,200 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced 14-point Times New Roman typeface.

Respectfully submitted,

/s/ David Morris Clayman

David Morris Clayman

7930 Palacio Del Mar Drive

Boca Raton, FL 33433-4148

+1 (321) 252-9626 | david@clayman.org

Plaintiff–Appellant, pro se

Dated: August 4, 2026

## CERTIFICATE OF SERVICE

I certify that on August 4, 2026, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will serve all counsel of record registered to use the ECF system via the Notice of Docket Activity.

/s/ David Morris Clayman

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

## No. 26-10993-CC

**DAVID MORRIS CLAYMAN,** Plaintiff–Appellant, *v.* **SECRETARY, U.S. DEPARTMENT OF THE TREASURY, et al.,** Defendants–Appellees.

**DECLARATION OF DAVID MORRIS CLAYMAN IN SUPPORT OF MOTION TO SET ASIDE DISMISSAL, REMEDY THE DEFAULT, AND REINSTATE THE APPEAL**

I, David Morris Clayman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff–Appellant in this appeal, proceeding pro se. I make this declaration from personal knowledge, and from my contemporaneous records of the night of July 13–14, 2026, including timestamped photographs of ECF error messages, timestamped records of my AI-assistance sessions, and my sent email of 12:29 a.m. on July 14, 2026.

2. I filed my opening brief on July 6, 2026, more than a month before its August 11, 2026 due date. My appendix was accordingly due on Monday, July 13, 2026. I had the appendix materials assembled in advance, organized chronologically into volumes with indexing tabs keyed to district court docket numbers, structured to comply with the 250-page volume limit. This appeal is the first proceeding in which I have ever been permitted to file electronically. In the district court, I moved for electronic filing privileges and was denied; I was required to file every document in paper. Before the night of July 13, my only electronic filings in any court had been a small number of single-document submissions in this Court — including my motion to reinstate, my Certificate of Interested Persons, and my opening brief. The appendix was the first multi-volume electronic submission I had ever attempted in any court, and my first occasion to encounter how the ECF system enforces file-size limits or screens document contents.

3. On July 13, 2026, I was in Chicago, Illinois, visiting my sister.

4. Before traveling, I set an alarm to begin the electronic submission at 10:00 p.m. Eastern time on July 13 — two hours before the midnight deadline. I failed to adjust the alarm for the change from Eastern to Central time, so it sounded at 10:00 p.m. Central, which was 11:00 p.m. Eastern.

5. When I realized the error, I was concerned but confident: the files were finished, and I reasonably expected the upload itself to take no more than about twenty minutes. I had a full hour.

6. That expectation was defeated by two successive obstacles in the CM/ECF submission process itself.

7. **The 50 MB rejections.** Beginning at approximately 11:15 p.m. Eastern, ECF rejected my attempts to upload the appendix because individual volume files exceeded 50 megabytes. Two of my volumes were over that limit. I had structured the volumes around the 250-page limit and had not previously encountered the file-size ceiling.

8. I immediately began restructuring: splitting each oversized volume into two parts, and regenerating the associated cover sheets, continuation tab sheets, and the Index to

Appendix to reflect the new part structure. My timestamped AI-assistance session records document this work in real time, including messages sent at approximately 11:18 p.m. (identifying the 50 MB problem and asking whether a single document may be split across parts), 11:31 p.m. (continuation tab sheets for Tab 78-1 and Tab 1), 11:35 p.m. (revised cover sheets for Volume 1, Parts 1–2 and Volume 4, Parts 1–2), and 11:45–11:46 p.m. (regenerating the Index to Appendix). Excerpts are attached as Exhibit D.

9. By approximately 11:50 p.m. Eastern, all volumes were restructured, under 50 MB each, correctly labeled, and ready to submit — ten minutes before the deadline.

10. **The "executable code" rejections.** When I attempted to submit, ECF rejected the uploads with an error stating that documents containing executable code cannot be filed. To my knowledge my PDFs contained no executable code of any kind, and I had no idea what the error referred to. I photographed the error messages; the timestamped photographs are attached as Exhibit C.

11. At approximately 11:52 p.m., I sought AI assistance to identify and remove whatever was triggering the rejection, and at 11:58 p.m. and 12:01 a.m. I opened parallel sessions to process multiple volumes simultaneously.

12. The technical analysis, reflected in the session records attached as Exhibit D, determined that my volumes contained no JavaScript, launch actions, embedded files, forms, or auto-open actions — no executable content at all. The rejections were false positives from byte-level scanning: embedded font subset names beginning with the characters "/AA" (several hundred to over a thousand instances per volume, arising from ordinary font embedding), coincidental "/JS" and "/AA" byte sequences inside compressed image streams, and proprietary "AAPL:" annotation-metadata keys stamped by Apple's Preview software on two annotated pages. Each volume was sanitized of these byte patterns — with the underlying content unaltered — and re-verified.

13. I confirmed that sanitized volumes would pass the ECF submission check and continued processing the remaining volumes as quickly as possible, sending files for cleanup at approximately 12:07, 12:08, 12:10, and 12:11 a.m.

14. Loading and submitting all sanitized volumes through ECF took approximately four additional minutes. My submission completed at 12:15 a.m. Eastern on July 14, 2026, and the docket reflects entry at 12:15 AM.

15. From the first 50 MB rejection to completed transmission, I worked continuously and as fast as I was able. At no point that night did I step away from the submission.

16. At 12:29 a.m. — fourteen minutes after completing the filing — I emailed counsel for Appellees, George Doty III, disclosing exactly what had happened: the 50 MB rejections, the executable-code rejections, my remediation, and the 15–16 minute delay. A true and correct copy of that email is attached as Exhibit B.

17. The alarm error described in paragraph 4 was my own mistake, and I do not offer this declaration to excuse it. But the deadline was missed by fifteen minutes, not an hour: even beginning at 11:00 p.m., I would have completed a routine submission with roughly

forty minutes to spare. What consumed the margin was the filing system's rejections — the second round of which rejected documents that contained no executable code.

18. Attached to the motion are: Exhibit A, the Clerk's July 21, 2026 letter and Order of Dismissal; Exhibit B, my July 14, 2026 12:29 a.m. email to counsel for Appellees; Exhibit C, timestamped photographs of the ECF error messages; Exhibit D, excerpts of my timestamped AI-assistance session records; and Exhibits E through J, the complete appendix as transmitted on July 14, 2026 — Exhibit E: Volume 1, Part 1 of 2; Exhibit F: Volume 1, Part 2 of 2; Exhibit G: Volume 2; Exhibit H: Volume 3; Exhibit I: Volume 4, Part 1 of 2; Exhibit J: Volume 4, Part 2 of 2 — each under 50 MB and verified free of the byte patterns that triggered the filter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2026, at Boca Raton, Florida.

/s/ David Morris Clayman

David Morris Clayman